IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAYNE SAYER,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF KIMBERLY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV 05-352-S-MHW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is the Defendant City of Kimberly's ("the City")

Motion for Summary Judgment (Docket No. 10), filed April 5, 2006, and the City's Motion to

Strike Affidavit of Wayne Sayer (Docket No. 25), filed June 15, 2006.[1]  For the following

reasons, the Defendant's Motion for Summary Judgment is granted and Defendant's Motion to

Strike is granted in part and denied in part.

**I.**
**Background**

On February 6, 2001, a hearing was held before the Kimberly Planning and Zoning

Commission ("P & Z Commission") concerning Plaintiff Wayne Sayer's ("Plaintiff") request

---

[1]  At the hearing on these motions on October 18, 2006, Plaintiff's counsel indicated that he wanted to
amend the complaint to also allege a procedural due process cause of action.  The Court permitted the filing of an
Amended Complaint, the merits of which will be addressed later in this decision.

that his property on 434 Wilson Road be rezoned from Light Industrial to Mobile Home. Plaintiff also sought to add two mobile homes to his property.  The P & Z Commission voted to deny the rezone because the Mobile Home Parks ordinance stated there must be a minimum of 5 acres for a Mobile Home Park and Plaintiff's property did not meet this requirement and also, his request was not in compliance with the City's Comprehensive Plan.  (Plaintiff's Exhibit G-3, Docket No. 20.)

Plaintiff was an employee of the City of Kimberly and on or about December 5, 2000, was terminated from his position.  On June 1, 2001, Plaintiff filed a complaint against the City for wrongful termination.  (Case No. CV 01-246-E-BLW, Docket No. 1.)  This case was settled out of court and dismissed with prejudice in April of 2003.  (*Id.*, Docket No. 21.)

On October 5, 2004, Plaintiff again appeared in front of the P & Z Commission to discuss a proposal to put mobile or manufactured homes on another piece of his property located at 110 Highway 30 in Kimberly.  This property was zoned as Commercial Gateway.  The Commercial Gateway zoning ordinance stated that one of the "permitted uses" of property located within the zone was "household buildings with a minimum of five (5) units."  (Weth Aff., Ex. A.)   There was no application pending at this time and the P & Z Commission members merely discussed with Plaintiff his proposal and their belief that it did not meet the requirements for a permitted residential use in the Commercial Gateway district.  As no formal application was pending at this time, no vote was taken.  (Affidavit of Candice Weth, "Weth Aff.," ¶¶ 3-4, Ex. B.)

At some point, Plaintiff submitted a formal application.  On April 5, 2005, the P & Z Commission reviewed Plaintiff's application for a variance from the requirements of Commercial Gateway zoning in order to add additional household units, two manufactured

homes and an RV hookup on this property.  Plaintiff was not present at the meeting to explain

his plans.  The P & Z Commission noted that the addition of an RV hook-up is not an allowed

use of the property and that it appeared the new housing unit did not meet the minimum square

foot requirements necessitated by the International Building Ordinance.  *(See* Weth Aff., Ex. A.)

The P & Z Commission then voted to deny Plaintiff's variance application.  (Weth Aff., Ex. C.)

Following the meeting, each member of the P & Z Commission filled out a Zoning Action Sheet

stating his or her reason for denying the variance.  Each member stated his or her reason was that

it did not meet the requirements for Commercial Gateway zoning's acceptable uses.  (Weth Aff.,

Ex. D; Affidavit of Shirley Watson, "Watson Aff.," Ex. A; Affidavit of Perry C. Dangerfield;

"Dangerfield Aff.," Ex. A; Affidavit of Bonnie Stevens, "Stevens Aff.," Ex. A.)  Additionally,

each member of the P & Z Commission has affirmed that, at the time of this vote, they had no

knowledge that Plaintiff was ever employed by the City or had sued the City for wrongful

termination.  (Weth Aff., ¶ 6; Dangerfield Aff.,¶ 4;Watson Aff., ¶ 4; Stevens Aff., ¶ 4.)

   Plaintiff appealed the P & Z Commission's denial of his request to the Kimberly City

Council.  Plaintiff contended that the five units, the minimum required for residential use in the

Commercial Gateway zoning ordinance, need not be joined.  (Plaintiff's Ex. K.)  His appeal was

considered by the City Council on May 10, 2005.  At the meeting, Plaintiff stated that he did not

think the five residential units needed to be attached.  Plaintiff's major concern was how the

ordinance was written, because it did not say the buildings must be attached.  All three council

members, and Mayor Sorensen, stated they interpreted the ordinance to require one building with

a minimum of five units.  Additionally, Councilman Overacre asked Plaintiff about the

landscaping that is required for Commercial Gateway zoning, specifically the 20 feet buffer from

**Memorandum Decision and Order - Page 3**

the road.  Plaintiff stated he would comply with that requirement.  Councilman Overacre also asked if Plaintiff would be prepared to possibly provide curb, gutter and sidewalks to the frontage of the property and Plaintiff responded that he would comply with such a requirement when everyone else on Highway 30 did.  Mayor Sorensen informed Plaintiff that the Council could not on act on what he "planned" to do in the future, instead Plaintiff needed to present to the P & Z Commission a set of plans showing what was actually going to be built.  There was also discussion about the size of Unit No. 3.  Councilwoman McKinlay informed Plaintiff he should present more detailed plans if he wanted to pursue his project.  The Council then voted to uphold the P & Z Commission's decision to deny Plaintiff's request for a variance.  (Affidavit of Tom Coonts, "Coonts Aff.," Ex. A.)   All three council members affirmed that their reasons for upholding the P & Z Commission's decision were that single family housing units were not allowed; Unit. No. 3 was smaller than allowed by building code; and the plan did not have a landscape design, as required by Kimberly City Ordinances.  They have also affirmed that they did not consider the fact that Plaintiff had previously sued the City in making their decision, although they were aware of it.  (Affidavit of Lee McKinlay, "McKinlay Aff.," ¶¶ 4-5; Coonts Aff., ¶ 4-5; Affidavit of David Overacre, "Overacre Aff.," ¶¶ 4-5.)

Plaintiff brought this suit on August 26, 2005, alleging that the City's decisions, through the P & Z Commission and the City Council, to deny his request for a variance and his appeal were arbitrary and capricious and thus denied him due process of law.[2]  In conjunction with its Motion for Summary Judgment, the City has moved to strike the affidavit of Wayne Sayer.  The

---

[2] Plaintiff also initially brought suit for interference with his pursuit of employment but stated in his Opposition to Defendant's Motion for Summary Judgment (Docket No. 17) that he did not intend to defend the summary judgment motion on that claim and thus it has been abandoned.

**Memorandum Decision and Order - Page 4**

Court will address this Motion first.

## II.
## City's Motion to Strike

The City moves to strike Paragraphs 3, 4, 6, 7, 8, 12, 13, 14, 18 and 19 of the Affidavit of Wayne Sayer filed in opposition to the City's Motion for Summary Judgment because these paragraphs either include hearsay, lack foundation or contain legal conclusions.

Federal Rule of Civil Procedure 56(e) states, in pertinent part, that "[s]upporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  (emphasis added.)  Plaintiff is entitled to submit affidavits on his behalf in an attempt to defeat a motion for summary judgment; in fact, he is compelled to do so by Fed. R. Civ. P. 56(e) in order to be successful.  *See Celotex Corp. v. Citrate*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), and *British Motor Car Distributors, Ltd. v. San Francisco Automotive Industries Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

The policy behind Fed. R. Civ. P. 56(e) is that a judge should consider any material that would be admissible at trial.  *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (3d ed. 1998).  That the facts attested to must be based on personal knowledge, as stated in Rule 56(e), means that ultimate or conclusory facts and conclusions of law cannot be utilized in support of, or in opposition to, a summary judgment motion.  *Id.*  As for relevance, an affidavit should only be excluded when its irrelevance is clear.  *Id.*  Additionally, the court should keep in mind the policy behind Fed. R. Civ. P. 15 that a court may exercise discretion and allow pleadings to be amended to conform to the issues presented by the record.  *Id.*

To the extent that Wayne Sayer's affidavit contains legal conclusions, particularly Paragraphs 3, 4, 6, 8, and 14, or is irrelevant to the litigation at hand, those portions of the affidavit will be stricken.  Additionally, so will Paragraph 19 as it contains hearsay.

### III.
### Standard of Review for Summary Judgment

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. Rule 56, which provides in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

When reviewing a motion for summary judgment, the proper inquiry is whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c) (1993).  A moving party who does not bear the burden of proof at trial may show that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  It is not enough for the [non-moving] party to "rest on mere allegations or denials of his pleadings."  *Id.*  Genuine factual issues must exist that "can

be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.,* at 250.

"When determining if a genuine factual issue . . . exists, . . . a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability." *Id.,* at 254. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

The Ninth Circuit has consistently applied the standard for granting summary judgment. *Musick v. Burke,* 913 F.2d 1390 (9th Cir. 1990); *Pelletier v. Federal Home Loan Bank,* 968 F.2d 865 (9th Cir. 1992); *Bieghler v. Kleppe,* 633 F.2d 531 (9th Cir. 1980).

In determining whether a material fact exists, facts and inferences must be viewed most favorably to the non-moving party. To deny the motion, the Court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 591 (9th. Cir. 1981).

The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 500 (9th Cir. 1992).

> In order to withstand a motion for summary judgment, the non-moving party: (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371, 374 (9th Cir. 1989).

**Memorandum Decision and Order - Page 7**

**IV.**
**City's Motion for Summary Judgment**

Plaintiff argues that he was denied due process of law with regard to his constitutional right to own, possess and develop private property as the decisions by the P & Z Commission and the City Council were arbitrary and capricious. The City first argues that there can be no substantive due process violation as Plaintiff was not deprived of property. One must first show a deprivation of life, liberty or property to make out a substantive due process claim and as Plaintiff had no right to a zoning variance, he does not have a substantive due process claim. *See* I.C. § 67-6516; *Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998). Additionally, the City maintains that as for deprivation of liberty interests, such as being free from arbitrary and capricious government action, that there is no "general liberty interest in being free from capricious government action....the Due Process Clause is not the 'Fairness Clause.'" *Id*. at 873-74. Because there is simply a disagreement between the City and Plaintiff as to the interpretation of the zoning ordinance, the City submits there can be no substantive due process violation based solely on the parties' differing interpretations.

In response, Plaintiff urges that his application was not denied on its substance but due to his previous litigation with the City. He bases this on his contention that nearly all other requests by City residents have been granted over the years and since his was not, it must be due to his prior litigation with the City. The Court will discuss this in more detail later, but under Idaho law a variance is not a matter of right or special privilege but may be granted only on a showing of undue hardship. Plaintiff asserts that when these "variances" were granted, those persons were never required to demonstrate "hardship." *(See* Plaintiff's Affidavit in Opposition

to Defendant's Motion for Summary Judgment, Docket No. 18.)[3]  He urges that the way in which

the P & Z Commission interpreted the zoning ordinance was arbitrary and capricious and had

nothing to do with the substance of his application but rather with his prior litigation.  Plaintiff

asserts this is especially the case when one considers "that in every case regarding applications

for variance, the applicants were granted a variance despite the fact that the request was in direct

violation of the building code..."  (Plaintiff's Memorandum in Opposition to Defendant's Motion

for Summary Judgment, Docket No. 17, p. 8.)  *See Whitted v. Canyon County Bd. of Comm'rs*,

137 Idaho 118, 44 P.3d 1173 (2002).  The only variance discussed in Plaintiff's exhibits was his

own variance request.  The rest of the minutes from the P & Z Commission and City Council

meetings provided by Plaintiff discuss "rezones" or special permits, many of which were

granted.  The Court considers this to be a critical distinction.

     The concept of substantive due process forbids the government from depriving a person

of life, liberty or property in such a way that "shocks the conscience or interferes with rights

implicit in the concept of ordered liberty."  *Nunez*, 147 F.3d at 871.  Therefore, as a threshold

matter, plaintiff must show a deprivation of life, liberty or property.  *Id*.  To have a property

interest, a person must have a legitimate claim of entitlement to it, not a mere unilateral

expectation or desire.  *Id*. at 872.  Property interests are not created by the United States

Constitution, but rather by existing rules or understandings that stem from sources such as state

law.  *Id*.

---

[3]  Plaintiff's Affidavit describes approximately 20+ attached Exhibits which include: P & Z Commission meeting minutes in which rezones are granted; City Council meeting minutes; plans and pictures that supposedly indicate other residents on Plaintiff's street or nearby who do not have the curbs and gutters that Plaintiff claims were "required" of him.  (The minutes from the May 10, 2005 City Council meeting do not state that these were required of Plaintiff, but that they might be in the future. *See* Coonts Aff., Ex. A.)  As noted, the City has moved to strike this affidavit.

**Memorandum Decision and Order - Page 9**

In a case similar to this one in which plaintiffs challenged a city's refusal to issue building permits, the Ninth Circuit held that to establish a substantive due process violation, "a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).[4]  A substantive due process claim requires "proof that the interference with property rights was irrational and arbitrary." *Dodd v. Hood River County*, 59 F.3d 852, 864 (9th Cir. 1995).  Additionally, the Ninth Circuit also stated in that same case: "Federal judicial interference with a local government zoning decision is proper only where the government body could have no legitimate reason for its decision.  There is no denial of substantive due process if the question as to whether the government acted arbitrarily or capriciously is at least debatable." *Id.*

I.C. § 67-6516, in defining what a variance is, states that a "variance shall not be considered a right or special privilege, but may be granted...only upon a showing of undue hardship."  The Ninth Circuit stated in *Nunez* that to have a property right, a person must have more than a unilateral expectation of it and whether a property right even exists is determined by state law.  147 F.3d at 872.  Idaho law states that a variance is not a right.  To have a legitimate claim or entitlement to a variance, one must show undue hardship.  Plaintiff has not shown undue hardship and he does not allege that he has shown undue hardship.  In fact, he even states that he did not present any information regarding undue hardship.  Without at least alleging that he suffered undue hardship, this is a matter that can be resolved at summary judgment.  Under Idaho law, Plaintiff does not have a property right in the granting of a variance.  The statute

---

[4]  The court then went onto say that the plaintiffs' challenge was more aptly addressed under the Takings Clause of the Fifth Amendment.

specifically states a variance is not a right.  Without having a property right in his variance request, Plaintiff's substantive due process claim fails.

However, even *if* Plaintiff could somehow prove that he had a property right in his variance request, he would still need to show that the decisions of the P & Z Commission and City Council were arbitrary and capricious.  *See Patel*, 103 F.3d at 874.  The Idaho Supreme Court has stated that there is a "strong presumption favoring the validity of the actions of zoning boards, which includes the application and interpretation of their own zoning ordinances" and also that a court will defer to these interpretations and applications unless "such interpretation or application is capricious, arbitrary or discriminatory."  *Whitted*, 137 Idaho at 121.  The Third Circuit has likewise stated that federal courts are "reluctant to sit as appeals boards for disputes between land developers and a township's planning body."  *Woodwind Estate, Ltd. v. Gretkowski*, 205 F.3d 118, 122 (3rd Cir. 2002).  The burden is on the Plaintiff to prove that the City acted arbitrarily and capriciously in denying his variance request.

The essence of Plaintiff's argument to prove the City acted arbitrarily and capriciously is, through examples provided in his affidavit, that no one else was required to prove a hardship when variances were granted and the P & Z Commission's interpretation of its ordinance was tainted when considered in light of its other decisions made in the past.  The Court has reviewed the exhibits attached in support of Plaintiff's argument and there is only one variance discussed in these documents, which is Plaintiff's.  All the other zoning decisions involved either rezones or special use permits and those are evaluated differently than variances.  A special use permit may be granted "if the proposed use is conditionally permitted by the terms of the ordinance, subject to conditions pursuant to specific provisions of the ordinance, subject to the ability of political subdivisions, including school districts, to provide services for the proposed use, and

**Memorandum Decision and Order - Page 11**

when it is not in conflict with the plan."  I.C. § 67-6512.  As for rezones, the Idaho Supreme

Court has stated that "[t]he approval or denial of any zoning or rezoning application is to be

based upon articulable standards and criteria to be set forth in the comprehensive plan."

*Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 618, 661 P.2d 1214, 1216 (1983).

Therefore, the fact that the applicants for rezones and special permits did not have to show any

"undue hardship" is of no consequence as it was not required of them.

Idaho law states that courts will defer to interpretation of zoning boards when it comes to

zoning ordinances, unless that interpretation is arbitrary and capricious.  *See Whitted*, 137 Idaho

at 121.  Plaintiff has presented no evidence that the interpretation was arbitrary and capricious,

only that he disagrees with it.  One person's disagreement with the interpretation and application

of a zoning ordinance, without any other evidence, does not make that interpretation arbitrary

and capricious.  The P & Z Commission and the City Council gave reasons for their decision;

Plaintiff's proposed uses did not meet the acceptable uses for Commercial Gateway zoning.

Moreover, he did not present a showing of undue hardship to justify a variance.

Plaintiff has put forth no evidence that creates a genuine issue of material fact.  He

merely has his own allegations and that is not enough to create a factual dispute.  As there is no

genuine issue of material fact, his claim is appropriate for summary judgment.  As a matter of

law, if Plaintiff cannot prove that the City acted arbitrarily and capriciously in its decision, his

claim must fail.  In following what the Ninth Circuit stated in *Dodd*, judicial interference is only

appropriate where the City had no legitimate reason for its decision.  The City did have a

legitimate reason for its decision, Plaintiff's proposed uses were not acceptable for Commercial

Gateway zoning and he did not even attempt to show an undue hardship to justify a variance.

Therefore, it is entirely proper for the Court to defer to the decisions of the P & Z Commission

**Memorandum Decision and Order - Page 12**

and the City Council and grant summary judgment for the City.

### V.  Amended Complaint

At the hearing held on October 18, 2006, Plaintiff's counsel indicated he was not alleging just a substantive due process cause of action, but a procedural due process claim as well.  As Plaintiff had filed his initial complaint pro se, the Court granted leave for Plaintiff to file an amended complaint addressing this additional cause of action.  Plaintiff filed an Amended Complaint on November 1, 2006, alleging a procedural due process claim as well as an equal protection violation.  Plaintiff did not allege any new facts other than what was previously alleged and discussed above.

To state a procedural due process claim, plaintiff must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of due process.  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).  First off, as discussed previously, Plaintiff did not have a property interest in his variance request being granted as the Idaho Code specifically states that a variance is not a right.  *See* I.C. § 67-6516.  Even if Plaintiff could prove that his variance request was a property interest protected by the Constitution, he did not allege a lack of due process.  Plaintiff's Amended Complaint is devoid of any factual statements or assertions that he was in any manner deprived of any opportunity to present his application and/or an opportunity to present his arguments to the P & Z Commission and later before the City Council.  In general, procedural due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.  *California ex rel. Lockyer v. F.E.R.C.*, 329 F.3d 700, 711 (9th Cir. 2003).  There were two hearings in which his variance request was considered - first at the P & Z Commission meeting and again at his appeal to the City Council.  Thus, even if Plaintiff had alleged that these procedures were inadequate, which

**Memorandum Decision and Order - Page 13**

he did not, the Court would find that these hearings constituted adequate due process of law.

As for Plaintiff's equal protection claim, to show that a violation has occurred, Plaintiff must show that the City acted with an intent or purpose to discriminate against him based on his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff does not allege he is a member of a protected class. As such, his equal protection claim fails. *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (since plaintiff did not demonstrate he was a member of a protected class, the court did not discuss his equal protection claim any further.)

### ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby ORDERS that:**

1) The City's Motion for Summary Judgment (Docket No. 10), filed April 5, 2006, be GRANTED.

2) The City's Motion to Strike Affidavit of Wayne Sayer (Docket No. 25), filed June 25, 2006, be GRANTED in part and DENIED in part.

DATED: November 21, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order - Page 14**